IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

CURT BADGER

    Plaintiff,　　　　　　　　　　　　　　　　　　ORDER

    v.　　　　　　　　　　　　　　　　　　　　　　17-cv-470-wmc

SOO LINE RAILROAD CO.
d/b/a CANADIAN PACIFIC,

    Defendant.
_____

    If it were not obvious already -- and it is -- motions for more definite statements are generally disfavored because they are so seldom productive. "Motions to strike are disfavored because they 'potentially serve only to delay.'" *Boehm v. Legends of the Field*, LLC, No. 15-CV-683-JDP, 2016 WL 2732202, at *1 (W.D. Wis. May 10, 2016) (quoting *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989)). No more so in this case.

    Plaintiff asserts a number of causes of action against his former employer, including one under the Federal Employer's Liability Act for unsafe workplace. In the complaint, plaintiff alleges that he injured his knee while removing old railroad ties and that the tools provided were unsafe. Even without more, the complaint gives ample notice of plaintiff's FELA claim, including: (1) date of injury (and reinjury); (2) that he injured his knee; (3) that he was removing railroad ties; and (4) and that his employer provided unsafe tools. But there *is* more, since an administrative process occurred even before the filing of this lawsuit. This means defendant does not even need to wait for

1

standard Rule 26 production, or basic discovery to get the answers to the supposedly burning questions left unanswered by the complaint.

Accordingly, the defendant's motion for a more definite statement is not just a waste of plaintiff's and the court's time, it is frivolous. While deserving of sanction, the court will let a warning suffice to defendant's counsel.

ORDER

IT IS ORDERED that defendant's motion for a more definite statement (dkt. #5) is DENIED.

Entered this 3rd day of August, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge